**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Michelle Smith,

        Plaintiff,

v.

Credit Union West,

        Defendant.

No. CV-26-02328-PHX-DWL

**ORDER**

Pending before the Court is Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 3), which the Court denies.

The Court cannot find that Plaintiff has established the level of financial need that would allow Plaintiff to proceed in forma pauperis. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life. . . . As this court has recognized, one need not be absolutely destitute to obtain benefits of the in forma pauperis statute. Nonetheless, a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty.") (citations and quotation marks omitted).

Plaintiff's monthly income is $5,000 from her employment, plus $3,976 from Supplemental Security Income, for a total of $8,976 per month. She drives a 2025 Hyundai Santa Fe, on which she owes $38,000. Plaintiff has four children, ages 13, 12, 11, and 6, who rely on her for support.

Plaintiff's monthly income far exceeds the current federal poverty guidelines for a family of five ($38,680 per year).  *Badillo v. Comm'r of Soc. Sec.*, 2020 WL 2494575, *3 (E.D. Cal. 2020) ("In assessing whether a certain income level meets the poverty threshold under Section 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services.").  She drives a nearly new vehicle.  Her monthly expenses do not exceed her income, and some of those expenses appear excessive—for example, she appears to spend $3,600-$4,800 per year on clothing.  Nor is the $200-$300 per month she spends on recreation and entertainment a necessity of life.

Thus, Plaintiff can "pay the court costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234.  "Courts have consistently held that IFP status should not be granted where an applicant can pay the filing fee with acceptable sacrifice to other expenses."  *Valentine v. Granville Realty, Inc.*, 2025 WL 1839935, *2 (E.D. Cal. 2025).  "The Court is sympathetic to Plaintiff's financial constraints, [but] to qualify for IFP status, a plaintiff must be experiencing such poverty that the plaintiff cannot reasonably pay court costs without forgoing the normal necessities of life."  *Reardon v. O'Malley*, 2024 WL 2160514, *2 (D. Idaho 2024).

Also before the Court is Plaintiff's motion for reasonable accommodation under the ADA.  (Doc. 4.)  "While the Americans with Disabilities Act (ADA) requires state courts to make disability accommodations, the ADA does not apply to federal courts."  *Roman v. Jefferson at Hollywood LP*, 495 F. App'x 804, 806 (9th Cir. 2012) (citing 42 U.S.C. § 12131(1)(A)).  "Despite the ADA not applying, it has long been the policy of the Judicial Conference of the United States to attempt to accommodate individuals with disabilities in court proceedings.  Therefore, in appropriate circumstances accommodations are provided to litigants."  *Bettini v. Mirabella, Kincaid, Frederick & Mirabella LLC*, 2026 WL 27268, *1 (D. Ariz. 2026) (cleaned up).

However, Plaintiff's requested accommodations all appear to be moot or premature. Three of the requested accommodations identified in Plaintiff's motion—permission to appear remotely, take breaks during hearings, and stand or move during proceedings—

relate to hearings or other in-session court proceedings, which renders those requests premature. *Id.* Plaintiff's request for "[p]ermission to request extensions of time when disability-related limitations affect timely response" (Doc. 4 at 2) is premature and also moot—all litigants may request extensions by filing motions, *see* Fed. R. Civ. P. 6(b)(1) (permitting extensions for good cause upon a party's motion, with differing standards depending on whether the motion is brought before or after the deadline expires), although the Court requires the parties to confer before filing such motions and instead file stipulations if the parties can agree upon the requested deadline extensions. Plaintiff's requests for "[c]lear written procedural guidance when available regarding deadlines, discovery obligations, hearings, and procedural expectations" and "[r]easonable flexibility in responding to procedural matters where clarification may be needed due to disability-related communication or processing limitations" (*id.*) also appear to be both premature, as no such situation presents itself at this time, and moot, as the Court extends leniency and guidance to pro se litigants in general—with the caveat that the Court manages a busy docket and there necessarily must be limits to the amount of time the Court can devote to any given case. Finally, Plaintiff requests "[p]ermission to utilize assistive communication and drafting tools that help interpret court instructions and prepare filings." (*Id.*) Plaintiff does not explain what tools she has in mind, but "assistive communication" appears to apply only to communication when court is in session, rendering this request premature (as well as undeveloped, as more information would be needed to determine whether the accommodation could reasonably be provided).

As for "drafting tools," to the extent Plaintiff intends to use generative AI, there are currently no rules or requirements regarding generative AI use in the District of Arizona, but Plaintiff is cautioned that a disability cannot relieve a pro se litigant from the obligation of candor to the tribunal, such that court submissions must be accurate and AI-generated content must be reviewed to ensure it is not erroneous or misleading. *Jordan v. United States of America*, 2026 WL 926830, *2 (C.D. Cal. 2026) ("[P]ro se parties owe the same duty of candor to the Court and are bound to the same rules as attorneys."). "It is well-

established that blind reliance on AI has led many a party to cite imaginary cases in court filings." *Pop Top Corp. v. Rakuten Kobo Inc.*, 2025 WL 2098597, *1 (N.D. Cal. 2025). "Like every other person who appears before the court," Plaintiff "has an obligation to confirm that arguments and case law submitted to the court are supported by existing law." *Id.* at *3. "The failure of a *pro se* party or counsel to confirm or double-check the accuracy, veracity, or even existence of a case or legal citation (or assertion of fact) created by an AI tool is grounds for potential sanctions." *Rako v. VMware LLC*, 2025 WL 3277352, *2 (N.D. Cal. 2025).

"[I]t is axiomatic that pro se litigants, *whatever their ability level*, are subject to the same procedural requirements as other litigants." *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) (emphasis added). "Although the Court sympathizes with Plaintiff's disability and recognizes that she is proceeding pro se, these circumstances do not excuse her compliance with all applicable rules and statutes, nor afford her an exemption from the requirements imposed on others." *Lynch v. Fed. Nat'l Mortg. Ass'n*, 2016 WL 9477627, *1 (D. Haw. 2016). Thus, Plaintiff bears the ultimate responsibility for ensuring that her filings accurately present the applicable facts and law. *See generally* Supreme Court of Arizona Steering Committee on Artificial Intelligence & The Courts, *Generative AI: Ethical Best Practices for Lawyers and Judges* (Nov. 14, 2024), *available at* https://www.azbar.org/media/e4chgf0g/aisc-ethical-best-practices-guidance_for-publication.pdf.

At any rate, because there is no need to seek "permission" before using drafting tools, this request is also moot.

Thus, the motion is denied without prejudice. The Court notes that "[i]n keeping with the Judicial Conference Policy, the U.S. District Court for the District of Arizona provides reasonable accommodations to persons with communications disabilities at the court's expense" and, as such, the District of Arizona webpage directs those who are in need of such accommodation to contact the Access Coordinator, Carlos Arvizu, at carlos_arvizu@azd.uscourts.gov or 520-205-4245 at least two weeks in advance of a

scheduled court appearance. https://www.azd.uscourts.gov/access-coordinators-and-accommodations-persons-communication-disabilities.

Accordingly,

**IT IS ORDERED** that Plaintiff's application for leave to proceed in forma pauperis (Doc. 3) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for reasonable accommodation under the ADA (Doc. 4) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff must pay the filing fee by **April 24, 2026**.

**IT IS FURTHER ORDERED** that the Clerk of Court, without further notice, shall dismiss this case without prejudice if Plaintiff fails to pay the filing fee by **April 24, 2026**.

Dated this 13th day of April, 2026.

Dominic W. Lanza
United States District Judge