**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Michelle Smith,

        Plaintiff,

v.

Credit Union West,

        Defendant.

No. CV-26-02328-PHX-DWL

**ORDER**

On April 13, 2026, the Court denied Plaintiff's application for leave to proceed in forma pauperis (Doc. 3) and denied without prejudice Plaintiff's motion for reasonable accommodation under the ADA (Doc. 4). (Doc. 8.)

On April 16, 2026, Plaintiff filed a motion for reconsideration of the denial of her application to proceed in forma pauperis and a renewed request for limited procedural accommodations. (Doc. 9.)

I.    <u>Motion For Reconsideration</u>

Motions for reconsideration are disfavored and should be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv. 7.2(g). Reconsideration is an "extraordinary remedy" that is available only in "highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted).

The Court's April 13, 2026 order considered Plaintiff's financial situation and the

applicable law and determined that Plaintiff did not meet the standard for proceeding in forma pauperis:

> The Court cannot find that Plaintiff has established the level of financial need that would allow Plaintiff to proceed in forma pauperis. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life. . . . As this court has recognized, one need not be absolutely destitute to obtain benefits of the in forma pauperis statute.  Nonetheless, a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty.") (citations and quotation marks omitted).

> Plaintiff's monthly income is $5,000 from her employment, plus $3,976 from Supplemental Security Income, for a total of $8,976 per month.  She drives a 2025 Hyundai Santa Fe, on which she owes $38,000.  Plaintiff has four children, ages 13, 12, 11, and 6, who rely on her for support.

> Plaintiff's monthly income far exceeds the current federal poverty guidelines for a family of five ($38,680 per year). *Badillo v. Comm'r of Soc. Sec.*, 2020 WL 2494575, *3 (E.D. Cal. 2020) ("In assessing whether a certain income level meets the poverty threshold under Section 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services.").  She drives a nearly new vehicle.  Her monthly expenses do not exceed her income, and some of those expenses appear excessive—for example, she appears to spend $3,600-$4,800 per year on clothing.  Nor is the $200-$300 per month she spends on recreation and entertainment a necessity of life.

> Thus, Plaintiff can "pay the court costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234.  "Courts have consistently held that IFP status should not be granted where an applicant can pay the filing fee with acceptable sacrifice to other expenses." *Valentine v. Granville Realty, Inc.*, 2025 WL 1839935, *2 (E.D. Cal. 2025).  "The Court is sympathetic to Plaintiff's financial constraints, [but] to qualify for IFP status, a plaintiff must be experiencing such poverty that the plaintiff cannot reasonably pay court costs without forgoing the normal necessities of life." *Reardon v. O'Malley*, 2024 WL 2160514, *2 (D. Idaho 2024).

(Doc. 8 at 1-2.)

Plaintiff's motion for reconsideration argues that (1) Plaintiff's gross monthly income does not amount to "freely available disposable funds," (2) the SSI benefits for Plaintiff's four disabled minor children "are used for the children's support, housing stability, utilities, food, transportation, developmental needs, and daily household functioning" and should not be used "to pay filing fees," (3) "Plaintiff's caregiver-related income also does not function as ordinary disposable wage income," (4) Plaintiff spends all of her income "repeatedly and quickly" on "household obligations, debt payments,

transportation costs, child-related necessities, disability-related expenses, and ordinary living expenses for a household of five," such that no "meaningful funds remain available after necessary monthly obligations," (5) Plaintiff's bank accounts are routinely negative, (6) Plaintiff "does not receive housing assistance, rental subsidy, SNAP, TANF, or similar public benefits," (7) Plaintiff's "vehicle is upside down in equity, making it a liability rather than a positive asset," (8) Plaintiff's spending on recreation and entertainment is spent on "child-focused outings and community-based activities for four disabled children" which are "tied to development, regulation, socialization, adaptive functioning, and community access," (9) Plaintiff's transportation costs include "travel to the federal courthouse in downtown Phoenix," (10) "Plaintiff has been advised that Arizona's Division of Developmental Disabilities ('DDD') is implementing changes expected to reduce children's authorized service hours and parent caregiver hours," (11) Plaintiff would not ask for a fee waiver if she did not need it, and (12) the expenses Plaintiff listed on her affidavit were not comprehensive. (Doc. 9 at 1-6.) Plaintiff attached as exhibits a credit card statement, bank statement, email exchange regarding Plaintiff's effort to increase income, Experian credit profile, and Affirm account summaries. (Doc. 9-1.)

The Court reiterates that it is sympathetic to Plaintiff's financial constraints and the reality that raising four disabled children is not easy, especially when shouldering that responsibility alone. Nevertheless, the motion for reconsideration does not demonstrate manifest error in the Court's analysis. The Court did not assume that the entirety of Plaintiff's $8,976 monthly income was freely available. Far from it—the Court accepts as reasonable the majority of the expenses Plaintiff listed in her affidavit. Nevertheless, even putting aside the $3,976 of monthly SSI income, which is rightly devoted to Plaintiff's children's needs, Plaintiff earns $60,000 in gross annual income. Thus, Plaintiff's is a middle-class wage earner. To the extent Plaintiff argues that both the $3,976 of monthly SSI income and the $5,000 of employment income as a caregiver are exempt from being used to pay court fees, the Court rejects that proposition.[1] Plaintiff does not address the

---

[1] The Court notes that Plaintiff recently paid a $367 filing fee in state court, before the case was removed to federal court. *Smith v. Office of Administrative Hearings et al*,

Court's observation that spending $3,600-$4,800 per year on clothing appears excessive. Indeed, even assuming the low end of that range is correct, if Plaintiff simply reduced her annual clothing purchases by $405—which would still leave $3,195 for annual clothing purchases, which remains a significant sum—she would have enough money to pay the filing fee.

Nor is there any merit to Plaintiff's assertion that owning an expensive, nearly new vehicle is consistent with allegations of poverty because it is "a liability"—an older, less-expensive vehicle would adequately transport the children.  Plaintiff's focus on her current equity level in the vehicle thus misses the point—when the in forma pauperis inquiry turns on whether the applicant "cannot pay the court costs and still afford the necessities of life," *Escobedo*, 787 F.3d at 1234, voluntary splurges on unnecessary luxuries can be disqualifying.  In a similar vein, although Plaintiff's account statements do not paint a full picture of how her monthly income is spent, they do reveal that Plaintiff recently spent $79.00 on a massage, paid for myriad trips to fast food and sit-down restaurants, and paid fees for entertainment services including Audible and Now That's TV. (Doc. 9-1 at 9-12.) Again, the Court does not in any way begrudge Plaintiff for seeking to find some moments of comfort and recreation in a life that is otherwise filled with important responsibilities, but such expenditures undermine the notion that Plaintiff would be forced to forgo "the necessities of life" if required to pay the same $405 filing fee that all litigants in federal court are presumptively expected to pay.

Plaintiff's contention that she pays for transportation to the federal courthouse is not responsive to the April 13, 2026 order, which did not question the $300-400 per month Plaintiff spends on transportation, in addition to her $695 vehicle payment and $457.63 vehicle insurance.  The Court notes, however, that Plaintiff may apply for electronic filing privileges, which would cut down on trips to the courthouse.[2]

To reiterate, none of the above is intended as an indictment as to how Plaintiff

---

2:26-cv-01515-DWL, Doc. 1-3 at 7.

[2] https://www.azd.uscourts.gov/sites/azd/files/forms/ProSeMotionToEfile.pdf.

spends the funds available to her as the sole provider for her family.  Plaintiff simply has not demonstrated that she cannot pay the filing fee for this case and still provide "the necessities of life" for her and her children.

As such, Plaintiff's motion for reconsideration is denied.

II.    Renewed Request For Accommodations

The Court carefully considered Plaintiff's motion for reasonable accommodation under the ADA and explained that Plaintiff's requested accommodations all appear to be moot or premature.  (Doc. 8.)  Plaintiff has not addressed any portion of the Court's analysis, and there does not appear to be any change in circumstance that would alter it.

Plaintiff's renewed request is therefore denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration of the denial of her application to proceed in forma pauperis and renewed request for limited procedural accommodations (Doc. 9) is **denied**

Dated this 20th day of April, 2026.

_____
Dominic W. Lanza
United States District Judge

- 5 -